Plaintiff is a policyholder of the defendant insurance company under a contract of insurance issued February 11, 1919. The policy in question is of the type known as a twenty-payment life contract, and plaintiff alleges that he paid all premiums until the policy was paid up, which fact was evidenced by a communication from the home office of the defendant company and by endorsement on the face of the policy, as follows:
"Memphis, Tennessee.
"All required payments having been paid for the full period of twenty years, this covenant No. 89-987 is in accordance with its terms fully paid up.
"This 14th day of March, 1939.
"D.M. Haste
"Assistant Secretary"
Plaintiff shows that more than two years after the entry of the endorsement above set forth he received a communication from the defendant company dated August 1, 1941, demanding payment of an indebtedness existing by reason of an assessment lien against his policy, and advising that failure to pay the assessment would have the effect of voiding the policy. On September 26, 1941, plaintiff filed his petition in this suit, the prayer of which petition reads as follows:
"Wherefore, your petitioner prays that this petition be filed, that the defendant be served and cited in accordance with law and that after due trial had there be judgment herein in favor of your petitioner and against the defendant, the Columbian Mutual Life Insurance Company, declaring the said acts on the part of the defendant company, its officers and agents null and void and of no effect whereby they attempted to levy additional premiums on the said contract, declaring and holding the *Page 845 
said contract valid and binding for the face amount thereof $1,000.00 payable at the death of the insured, without the payment of additional premiums or assessments, and holding that any acts or attempted acts to reduce the face amount null and void and of no effect, all costs to be paid by the defendant.
"Your petitioner does further plead estoppel as a defense to any attempt to require additional payments or to reduce the value of the said contract.
"Your petitioner further prays in the alternative and only in the alternative that the court should hold that there is a lien against the said contract or policy that the said contract be declared fully paid up and binding for the face amount, less the lien without the necessity of any additional premiums or assessments of any nature, all costs to be paid by the defendant."
There was judgment of the trial Court rejecting plaintiff's demands and dismissing his suit, from which judgment plaintiff prosecutes this appeal.
The material facts in connection with the subject matter of this litigation, and the history of the entire course of action, which resulted in this suit, are set forth in detail in the opinion of this Court in the case of Lewis v. Columbia Mut. Life Ins. Co., La.App., 197 So. 619, the record of which case has been made a part of the record in this suit.
Despite the diligent effort which has been made by able counsel for plaintiff to distinguish the present case from the Lewis case, we are unable to find any such distinction, either with reference to the material facts or the law, which would have the effect of setting apart the instant case.
Plaintiff's principal contention rests upon the fact that defendant admitted, by letter and by endorsement on the policy, the payment of all premiums due thereon, and, accordingly, plaintiff seeks a judgment declaring the contract of insurance valid and binding without payment of additional premiums or assessments. Plaintiff also pleads estoppel against any attempt on the part of defendant to require additional payments or to reduce the value of the insurance contract. Alternatively, plaintiff prays that the contract of insurance be declared fully paid and binding for the face amount, less the lien, without the necessity of payment of additional premiums or assessments.
The whole matter goes back to a determination of the validity of assessments made by the defendant company against all holders of insurance contracts originally issued under the fraternal plan and organization of the Eminent Household of Columbian Woodmen. As we have stated, the facts in connection with the levying of these assessments are fully considered in the voluminous opinion in the Lewis case, and there can be no longer any question as to the validity of the assessment.
The demand made upon this plaintiff, as set forth in the communication of August 1, 1941, was as follows:
 "Columbian Mutual Life Insurance Company "Memphis, Tennessee
"August 1st, 1941
"Mr. Joseph N. Jones "Jonesboro, Louisiana
"Dear Mr. Jones:
"Because of the assessment made in 1937 against your Covenant, numbered 89-987, and imposed as a lien thereon, it is necessary to call your attention to the following facts.
Loan indebtedness with interest at _____% per annum, from __________ to September 1, 1941 $None Assessment lien with 5% interest per annum, from March 16, 1937, to September 1, 1941 $578.95 ------- Total Indebtedness $578.95 The reserve on your Covenant on September 1, 1941, will amount to $571.03 ------- Excess indebtedness on September 1, 1941 $7.92 -----
"You will observe that the indebtedness which will exist on your Covenant on September 1, 1941, will be in excess of the reserve.
"Therefore, unless your remittance for an amount in excess of $7.92 is received within 31 days from the date of this letter, your Covenant will become null and void and of no effect, in accordance with its terms.
"This Payment Must be Made under Any Conditions to Preserve Your Covenant.
"However, you should remit $2.38 monthly thereafter, for whenever the indebtedness on your Covenant equals or exceeds the reserve it will become null and void and of no effect, in accordance with its terms. *Page 846 
"Your Company has for some time considered means whereby at your option the entire indebtedness on your Covenant could be paid off in reasonable monthly installments and thereby restore your insurance to its full face value.
"A monthly payment of $6.00 for a period of 120 months, in addition to the payment of the excess above stated, will pay in full the indebtedness on your Covenant. If you complete these payments your Covenant will provide life insurance for its full face value, or you could surrender the Covenant and receive in cash $630.00.
"If you prefer you can make payments of $3.72 per month for 240 months. Upon completion of these payments your Covenant would provide life insurance for its full face value or you could surrender the Covenant and receive in cash $734.00.
"If you elect to make these monthly payments, and do so, it will have the effect of your receiving 5% interest on the payments made, and the net cash surrender value of the Covenant and the amount payable at death will also increase as each such monthly payment is made.
"It may be emphasized that the Company has considered many plans whereby you could again have insurance free of any indebtedness and equal to the full face value of your Covenant. It appears after careful study and serious consideration that the repayment plan outlined in this letter will serve your interests best.
"If you desire to avail yourself of this repayment plan you should complete the enclosed form by inserting therein the monthly payment plan which you prefer. Then date the form and sign it. In sending the form to the Company it will be necessary for you to remit at least $7.92 which is the excess indebtedness on your Covenant as shown by the statement herein furnished.
"The Company will be glad to furnish you any further information you may desire.
"Cordially yours,
"C.C. Bradley, "ewh Assistant Secretary"
We are of the opinion that plaintiff has misinterpreted the character of the additional payments demanded by the defendant company. These payments are not in the nature of premium payments, but rather they are payments on the assessment of March 16, 1937. The alternative plans suggested in the letter above quoted merely suggest various methods by which plaintiff might meet the payment of the assessment in such manner as to maintain in effect the protection of the face amount of the insurance provided by the policy.
We can illustrate this best by stating that plaintiff could have surrendered his policy on September 1, 1941, whereupon the cash surrender value would have been applied against the assessment lien. This action would have resulted in a deficiency of the small sum of $7.92, which would have remained due by plaintiff on the obligation created by the assessment. But the defendant company, in its communication of August 1, 1941, proceeded to inform plaintiff as to the means whereby he might continue to receive insurance protection and build up a cash reserve on his policy.
In other words, for all practical purposes, on September 1, 1941, plaintiff's protection under his insurance policy terminated, unless he accepted and complied with one of the plans advanced by the company.
Since the payments demanded of plaintiff were payments on the assessments made March 16, 1937, which assessments have been held legal in the Lewis case above cited, it necessarily follows that plaintiff is not entitled to the relief of a judgment maintaining his insurance contract in effect without the payment of this assessment.
Inasmuch as the amounts demanded of plaintiff are in the nature of payments on a valid and legal assessment, and not in the nature of additional premiums, plaintiff is not entitled to judgment relieving him of the necessity of making such payments.
The plea of estoppel must fail because of the fact that the instrument relied upon as creating the estoppel was simply an acknowledgment that plaintiff was not liable for payment of any further premiums on his contract of insurance. The record conclusively shows that no premiums have been demanded, and that no premiums are due.
For the reasons set forth in the opinion in the Lewis case, cited supra, the assessment being legal and the lien established thereby being valid, plaintiff cannot be relieved of payment of the assessment.
The judgment appealed from is affirmed at plaintiff's cost. *Page 847